UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL  No. 9:00cr1 |
| LETTERICK RODGERS | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On June 13, 2005, a hearing was held on the government's motion to revoke the supervised release of the above named defendant. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by Tonda Curry, his court-appointed attorney.

The defendant was originally sentenced on May 21, 2001, before the Honorable Howell Cobb of the Eastern District of Texas after pleading guilty to the offense of bank robbery by force or violence, a Class B felony. This offense carried a statutory maximum imprisonment term of twenty-five (25) years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of I, was 51 to 63 months. The defendant was subsequently sentenced to 60 months imprisonment and five years supervised release, subject  to the standard conditions of release, plus special conditions to include drug abuse treatment and testing. On December 19, 2003, the defendant was charged with a new offense and entered a plea of guilty to possession of a prohibited object, marijuana, in a federal prison.  The defendant received an additional three months imprisonment to run consecutively with his original sentence.  On March 3, 2005, the defendant completed his period of imprisonment and began his term of supervised release.

The Government brings this petition for revocation of the defendant's Supervised Release

because he violated a condition of his supervised release by failing to complete 120 days of community confinement. As a special condition of his supervised release, Mr. Rodgers was referred to the County Rehabilitation Center of Tyler, Texas. He entered the facility on March 21, 2005, and was discharged on May 20, 2005 after receiving 9 incident reports including: gambling, refusing to obey an order, insolence towards staff, violating conditions of a community program, being in an unauthorized area and escaping from unescorted community programs and activities. Mr. Rodgers was discharged with 59 days left unserved at the facility.

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The original offense of conviction was a class B felony. Therefore, the maximum imprisonment sentence is three years.

According to U.S.S.G. §7B1.1(a), if the Court finds by a preponderance of the evidence that the defendant violated conditions of supervision by failing to successfully complete community confinement, the defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.4(a) indicates that in the case of revocation based upon a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

U.S.S.G. Section 7B1.3(d)(3) indicates any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under section 7B1.4, and any such unserved portion of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Mr. Rodgers has 59 days of unserved community

confinement.

The defendant pled true to violating terms of his supervised release by failing to complete community confinement. The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. The Government and defendant agreed to a recommended sentence of nine months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 it is the RECOMMENDATION of the Court that the defendant, Letterick Rodgers, be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 9 months with no supervised release to follow. It is further RECOMMENDED that the defendant serve his term at FCI Seagoville.

**SIGNED** this **13** day of **June, 2005.**

HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE